**SOO LINE RAILROAD COMPANY,**
d/b/a Canadian Pacific Railway,
Respondent,

v.

**BROWN'S CREW CAR OF WYOMING, Respondent,**

**Progressive Casualty Insurance Company, an Ohio corporation, Appellant.**

No. A04–1257.

Court of Appeals of Minnesota.

April 5, 2005.

Timothy K. Masterson, Spence, Ricke, Sweeney & Gernes, PA, St. Paul, MN, for Soo Line Railroad Company.

Dawn M. Parsons, Eagan, MN, for Brown's Crew Car of Wyoming.

Dale M. Wagner, Bassford Remele, A Professional Association, Minneapolis, MN; and Thomas F. Segalla, pro hac vice, Goldberg Segalla, LLP, Buffalo, NY, for Progressive Casualty.

Considered and decided by TOUSSAINT, Chief Judge; HUDSON, Judge; and PORITSKY, Judge.*

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## OPINION

HUDSON, Judge.

This case arises out of injuries suffered by two of respondent Soo Line Railroad Company's employees while riding as passengers in a van operated by an employee of respondent Brown's Crew Car. On appeal from a summary judgment, appellant Progressive Casualty Insurance Company argues that (a) the indemnity agreement under which Brown's Crew Car must reimburse Soo Line Railroad Company for legal expenses incurred as a result of tort liability does not constitute an "insured contract" within the meaning of Progressive Casualty Insurance Company's policy so as to fall within the exception to the contractual liability exclusion in the policy; and (b) the district court abused its discretion by awarding Brown's Crew Car's costs and attorney fees. We affirm.

## FACTS

This is a declaratory-judgment action brought by a railroad against an insurance company and a motor-transportation company. The material facts are undisputed. Two employees of Soo Line Railroad Company (Soo Line) were injured while riding in a car operated by respondent Brown's Crew Car of Wyoming, Inc. (Brown's). Brown's was transporting train crews for Soo Line pursuant to an agreement between Crew Transportation Services (CTS) and Brown's under which Brown's agreed

> to indemnify and hold harmless CTS and [Soo Line] from all claims, demands, costs and expenses including attorney and court costs for any accident, injury, property damage or any other loss incurred by CTS and [Soo Line] or their employees, agents, representatives, or other using said Transportation Services regardless of the nature of the claim or the theory of recovery against CTS and

[Soo Line], including claims that CTS and/or [Soo Line] was at fault, negligent, or strictly liable.

Brown's also agreed to obtain automobile-liability insurance covering its transportation services and to include CTS and Soo Line as additional insureds.

At the time of the accident giving rise to the underlying actions, appellant Progressive Casualty Insurance Company (Progressive) insured Brown's under a commercial automobile liability policy. Through this policy, Progressive agreed to pay all sums an " 'insured' legally must pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." The policy further stated that Progressive had "the right and duty to defend any 'insured' against a 'suit' asking for such damages," but Progressive had no duty to defend against a suit seeking damages to which the policy did not apply.

The policy contained an exclusion—and therefore did not provide coverage—for "[l]iability assumed under any contract or agreement." But, the policy exempted from this exclusion—and therefore provided coverage—for liability "[a]ssumed in a contract or agreement that is an 'insured contract' provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement." Hence, the policy extended coverage for liability assumed in an "insured contract" defined as follows:

> That part of any other contract or agreement pertaining to your business ... under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

The policy defined "bodily injury" to mean "bodily injury, sickness or disease sustained by a person including death resulting from any of these."

In August 1997 two Soo Line employees were passengers in a Brown's automobile when it was struck by another vehicle. The driver of the other vehicle and his passenger were killed, and the two Soo Line employees were injured. In separate personal-injury lawsuits, the injured Soo Line employees sued Brown's, the driver's estate, and two restaurants at which the driver had consumed alcohol prior to the accident. One of the restaurants, Applebee's, impleaded Soo Line and Brown's seeking contribution or indemnification for negligence resulting in bodily injury to the Soo Line employees. Soo Line tendered the defense of the third-party claims to Progressive under the liability policy and to Brown's under the indemnity agreement. Both refused the tender. Soo Line defended the negligence suits and incurred legal expenses. After the personal-injury actions were settled, Soo Line brought the instant declaratory-judgment action.

Progressive argued that it had no duty to defend Soo Line or to pay the railroad's costs of defense because the policy did not provide coverage for Soo Line. Brown's cross-claimed against Progressive alleging that Progressive was required to defend Soo Line in the third-party actions and to defend Brown's in the instant declaratory-judgment action.

The district court determined that the language of the CTS/Brown's agreement extended the indemnification to attorney fees and costs and, consequently, Brown's was liable for Soo Line's costs incurred in defending the negligence action. In a separate appeal, this court concluded that Soo Line was an insured under the Progressive policy, but a separate exclusion in Progressive's policy applied to preclude coverage for Soo Line. *See Soo Line Railroad Co. v. Brown's Crew Car of Wyo., Inc.,* Nos. C1–02–1263, C4–02–1340, 2003 WL 943843, at *56 (Minn.App. Mar.11, 2003). Thus, Progressive was not directly liable to Soo Line for its costs in defending the negligence action. On remand from this first appeal, the issue before the district court was whether the CTS/Brown's indemnity agreement constituted an "insured contract," i.e., whether Progressive's policy covered the CTS/Brown's agreement such that Progressive must reimburse Brown's for Soo Line's costs of defending the negligence actions.

After hearing cross-motions for summary judgment, the district court concluded that the CTS/Brown's indemnity agreement was an "insured contract" under the terms of the Progressive policy and, therefore, the contractual-liability exclusion did not apply to the claims made against Brown's by Soo Line. Accordingly, the district court held that Brown's was entitled to reimbursement from Progressive for the full amount Brown's must pay to indemnify Soo Line for its legal costs and expenses incurred in defending the negligence claim. The district court also held that Brown's was entitled to reimbursement from Progressive for its costs and fees incurred in defending the instant declaratory-judgment action. Progressive appeals from the judgment entered on this district court order.

## ISSUES

I. Did the district court err by concluding that the CTS/Brown's indemnity agreement was an "insured contract"?

II. Did the district court abuse its discretion by awarding Brown's costs and attorney fees in the instant declaratory-judgment action?

## ANALYSIS

### I

 When reviewing a summary judgment award, this court must determine whether there are any genuine issues of material fact and whether the district court was correct in its application of the law. *St. Paul Fire & Marine Ins. Co. v. Nat'l Chiropractic Mut. Ins. Co.*, 496 N.W.2d 411, 415 (Minn.App.1993), *review denied* (Minn. Apr. 29, 1993). Under Minnesota law, on established facts, insurance-coverage issues and the construction and interpretation of a policy are questions of law. *Jenoff, Inc. v. New Hampshire Ins. Co.*, 558 N.W.2d 260, 262 (Minn.1997).

 The analysis of the parties' arguments requires that this court examine the underlying insurance policy. If a policy is unambiguous, the court must give the language its ordinary and usual meaning and not redraft the contract. *Simon v. Milwaukee Auto. Mut. Ins. Co.*, 262 Minn. 378, 385, 115 N.W.2d 40, 45 (1962). If the court concludes the policy language is ambiguous, the ambiguity must be resolved in the insured's favor. *Columbia Heights Motors, Inc. v. Allstate Ins. Co.*, 275 N.W.2d 32, 36 (Minn.1979). The policy should be interpreted "according to what a reasonable person in the position of the insured would have understood." *Canadian Universal Ins. Co. v. Fire Watch, Inc.*, 258 N.W.2d 570, 572 (Minn.1977). Exclusions are narrowly interpreted against the insurer. *SCSC Corp. v. Allied Mut. Ins. Co.*, 536 N.W.2d 305, 314 (Minn.1995). But, if the insurer demonstrates the applicability of an exclusion, then the insured bears the burden of proving an exception to the exclusion. *Id.*

At issue in this case is whether the indemnity agreement between Brown's and CTS constitutes an "insured contract" thereby exempting the agreement from the contractual-liability exclusion and requiring Progressive to reimburse Brown's for Soo Lines legal expenses in defending the third-party tort claims. This is an issue of first impression in Minnesota. The elements of an insured contract as defined by Progressive's policy are as follows:

(a) That part of any other contract or agreement pertaining to your business

(b) under which you assume the tort liability of another

(c) to pay for "bodily injury" or "property damage" to a third party or organization.

### A. That part of any contract under which you assume tort liability

 There is no dispute that Brown's assumed Soo Line's tort liability in its indemnity agreement with CTS. The contract indemnified Soo Line against "any other loss incurred by … [Soo Line] … regardless of the nature of the claim or the theory of recovery." Rather, Progressive argues that the insured-contract exception is not applicable because Soo Line's complaint for declaratory relief characterized its dispute with Brown's as a breach-of-contract claim, alleging that Brown's had not fulfilled its obligations under the indemnity agreement. Noting that the definition of an insured contract under the policy refers to "that *part* of any other contract or agreement pertaining to your business … *under which you assume the tort liability*," Progressive contends that the only portion of the CTS/Brown's indemnity agreement qualifying under the insured-contract exemption is the portion that assumed liability for damages paid pursuant to a judgment in tort. We disagree.

Progressive's interpretation improperly focuses on the contractual nature of the

declaratory-judgment action, rather than the nature of the underlying claim giving rise to the legal expenses, which was a negligence action against Soo Line. In *Rausch v. Beech Aircraft Corp.,* 277 N.W.2d 645, 648 (Minn.1979), the supreme court held that a tort-liability exemption in a general indemnification clause precluded recovery for legal expenses incurred in defending a personal-injury suit because the legal expenses were "inextricably related" to the tortious event. Here, Brown's obligation to pay these legal expenses arose out of a tort claim—Soo Line's liability as a result of the automobile accident. Therefore, applying the logic in *Rausch,* Brown's obligation to indemnify Soo Line for its legal expenses arose from that part of the CTS/Brown's agreement under which Brown's assumed Soo Line's tort liability. Simply put: Soo Line's defense costs and attorney fees are inseparable from the automobile accident.

Moreover, Progressive's interpretation of the insured-contract exemption would result in absurdity and/or inconsistency: If Soo Line had contributed to compensating the injured parties and *then* brought a claim for indemnification, that claim would have been based on Brown's assumption of tort liability and, therefore, covered under the insured-contract exemption, a fact Progressive acknowledged in its motion for summary judgment. And, because Soo Line's legal expenses are inextricably linked to the tortious conduct, under *Rausch,* Progressive would have been required to reimburse Brown's for both the tort judgment and the expenses incurred. But, according to Progressive, the insured-contract exemption is not applicable where Soo Line defends against the same tort claim and is not found negligent. Under those circumstances, Progressive argues that it is not required to reimburse Brown's for Soo Line's legal expenses.

We acknowledge that Progressive does have support for its interpretation from other jurisdictions. For example, in *Progressive Cas. Ins. Co. v. Brown's Crew Car of Wyo., Inc.,* 27 F.Supp.2d 1288, 1290–91 (D.Wyo.1998), the parties disputed, on nearly identical facts, whether the business automobile policy between the insurance company and the carrier provides coverage for the railroad's expenses in defending the negligence suit. Specifically, the parties disputed whether a substantively similar "insured contract" exemption applied. *Id.* at 1293. The Wyoming district court concluded that the relevant issue was the carrier's assumption of a contractual obligation to pay the railroad's defense costs. *Id.* Because the policy limited insured contracts to agreements to assume another's "tort liability," and not defense costs, the insured-contract exemption was not applicable. *Id.*

We conclude, however, that the reasoning in *United States Fidelity & Guar. Co. v. Continental Cas. Co.,* 353 Ark. 834, 120 S.W.3d 556 (2003) is more persuasive. In *United States Fidelity,* a subcontractor indemnified a general contractor for work performed at a Wal–Mart. *Id.* at 558. The general contractor sued Wal–Mart for breach of contract. *Id.* In a counterclaim, Wal–Mart sued the general contractor asserting breach of contract and negligence alleging faulty and defective work on the subcontractor's projects. *Id.* The general contractor and Wal–Mart settled. *Id.* Shortly thereafter, the general contractor filed suit against the subcontractor alleging breach of the indemnity agreement by not holding the general contractor harmless for attorney fees and expenses incurred in the defense of the Wal–Mart claims. *Id.* at 558–59, 120 S.W.3d 556. A jury found that the subcontractor was liable for failing to indemnify and awarded damages. *Id.* at 559. The subcontractor's insurance company then filed a declarato-

ry-judgment action seeking a district court determination that its policy—including an identical insured-contract exemption—provided coverage for payment of the judgment. *Id.* The insurance company argued that summary judgment was appropriate because the underlying suit was for breach of the indemnity agreement, a matter not covered by the policy. *Id.*

The Arkansas Supreme Court held in *United States Fidelity* that the indemnification provisions of the subcontracts were insured contracts. *Id.* at 561. In determining whether the liability that the general contractor incurred as a result of its suit with Wal–Mart was covered by the policy, the court stated, "we must look to the basis of Wal–Marts claims against [the general contractor]." *Id.* The court explained that "Wal–Mart sought to recover . . . based on allegations of negligence *and* breach of contract." *Id.* Because the court could not determine based on the record whether Wal–Mart and the general contractor settled based on the tort claims (which were within the insured-contract exemption), or the contract claims (which were not within the insured-contract exemption), the court remanded the case for further development. *Id.* at 561–62, 120 S.W.3d 556. Analogizing to the instant matter, Brown's contends that its liability for legal expenses incurred by its indemnitee in defending a tort claim are likewise

covered by Progressive's policy under the insured-contract exemption.

▇▇▇▇ Accordingly, we hold that a general indemnity agreement that includes an assumption of tort liability constitutes an insured contract. Consequently, Progressive is liable for all damages, including legal expenses, its insured must pay arising from a claim for tort liability.[1] We are also convinced that this conclusion best effectuates the reasonable expectations of the parties. Brown's reasonably assumed that the attorney fees and legal expenses incurred by its indemnitee would be covered to the same extent that its indemnitee's tort liability would be covered. And, Progressive is not exposed to liability for their insured's business misjudgments because the underlying action giving rise to the legal expenses and attorney fees must be a tort claim. Thus, the district court did not err by concluding that Progressive must reimburse Browns for Soo Line's legal expenses and attorney fees arising from the third-party tort claims.

## B. Bodily injury to third parties

Progressive next argues that the indemnification agreement does not fall within the insured-contract exemption because the attorney fees and legal expenses sought in the underlying actions did not constitute a claim for liability to pay for "bodily injury." The policy definition of an insured contract requires the insured to "assume

---

1. Progressive also argues that Brown's liability for Soo Line's attorney fees and legal expenses is not covered by its policy because fees and legal expenses do not constitute "damages." Because the policy does not define damages, and the term is susceptible to several meanings, it is ambiguous. That ambiguity is resolved in favor of the insured. *See Columbia Heights Motors*, 275 N.W.2d at 36. Had Progressive wanted to exclude legal expenses and attorney fees from the definition of "damages," it could have specifically defined the term as compensation for loss or injury. Moreover, the Minnesota Supreme Court has ruled that the term "damages" in an insurance policy (in this case a policy covering property damages) "can reasonably be interpreted to cover any claim asserted against the insured arising out of property damage, which requires the expenditure of money, regardless of whether the claim can be characterized as legal or equitable in nature." *Minn. Mining & Mfg. Co. v. Travelers Indem. Co.*, 457 N.W.2d 175, 179 (Minn. 1990).

the tort liability of another to pay for bodily injury." Citing *Amos v. Campbell,* 593 N.W.2d 263, 269 (Minn.App.1999), where this court defined "bodily injury" in a wrongful-act policy to mean "a physical manifestation caused by an external act," Progressive argues that the insured-contract exemption covers—and it is therefore only liable for—the value of the physical manifestation that flows from the tort. Because Soo Line sought legal expenses and not a value attributed to an actual physical manifestation, Progressive contends that the indemnification agreement is not an insured contract.

Progressive's interpretation is without merit, however, because it lacks support in the plain language of the policy. The definition merely requires that the insured *assume liability* to pay for a bodily injury. The definition does not explicitly require that Soo Line actually seek a value attributable to its employee's injuries in order to qualify for coverage. At a minimum, the definition is ambiguous and should be interpreted in favor of the insured. *See Columbia Heights Motors,* 275 N.W.2d at 36. Therefore, the district court did not err in concluding that Brown's assumed liability to pay for bodily injury inflicted upon Soo Line employees under the CTS/Brown's indemnification agreement.

## II

Progressive also challenges the district court's decision to award Brown's attorney fees for defending in the instant declaratory-judgment action. A reviewing court will not reverse a district court's award or denial of attorney fees absent an abuse of discretion. *Becker v. Alloy Hardfacing & Eng'g Co.,* 401 N.W.2d 655, 661 (Minn.1987). An insured may recover from its insurer attorney fees it has incurred in a declaratory-judgment action only if there was a breach of a contractual duty or statutory authority exists to support such recovery. *SCSC Corp.,* 536 N.W.2d at 319 (citing *Morrison v. Swenson,* 274 Minn. 127, 137–38, 142 N.W.2d 640, 647 (1966)). In the insurance context, attorney fees are recoverable when an insurer breaches its duty to defend. *In Re Silicone Implant Ins. Coverage Litigation,* 667 N.W.2d 405, 422 (Minn.2003). Progressive contends that it did not breach its duty to defend because it defended Brown's in the underlying action—i.e., in the third-party tort claims preceding the instant declaratory-judgment action.

Based on the record before the district court, the district court did not abuse its discretion in awarding Brown's attorney fees because Progressive breached its duty to defend. After Progressive refused Brown's tender of its defense in the declaratory-judgment action, Brown's filed a cross-claim against Progressive seeking to recover costs and expenses, including fees, in defending the instant action. It is undisputed that Brown's is an insured under Progressive's policy. Progressive's policy states that it has "the right and duty to defend any 'insured' against a 'suit' asking for [damages because of bodily injury]." Because, as noted above, the term damages under the policy can reasonably be interpreted to include legal expenses and fees incurred in defending a tort claim, Progressive had a duty to defend Brown's in the instant declaratory-judgment action where Soo Line sought reimbursement for damages. *Cf. Jostens, Inc. v. Mission Ins. Co.,* 387 N.W.2d 161, 165–66 (Minn.1986) (ruling that the duty to defend a claim against an insured arises when any part of the claim is arguably within the scope of the policy's coverage).

## DECISION

Because we hold that a general indemnity agreement including an assumption of

tort liability constitutes an insured contract, the district court did not err by concluding that Progressive must reimburse Brown's for Soo Line's legal expenses and attorney fees arising from the third-party tort claims. In addition, the district court did not abuse its discretion by awarding Brown's attorney fees for defending in the instant declaratory-judgment action.

**Affirmed.**