**Michael MARCHIO, Trustee for the Next of Kin of Ida Marchio, Appellant,**

v.

**WESTERN NATIONAL MUTUAL INSURANCE COMPANY, Respondent.**

**No. A07–0477.**

Court of Appeals of Minnesota.

April 15, 2008.

Sharon L. Van Dyck, Paul J. Gatto, Van Dyck Law Firm, PLLC, Minneapolis, MN, for appellant.

Timothy R. Murphy, O'Neill & Murphy, LLP, St. Paul, MN, for respondent.

Considered and decided by KLAPHAKE, Presiding Judge; HALBROOKS, Judge; and SCHELLHAS, Judge.

## OPINION

KLAPHAKE, Judge.

Appellant Michael Marchio appeals from the district court's decision granting summary judgment to respondent Western National Mutual Insurance Company on his claim seeking uninsured motorist (UM) benefits. Because the insurance policy's duplicate payments exclusion, as applied, violates Minn.Stat. § 65B.49, subd. 3a (2006), we reverse and remand.

## FACTS

Decedent Ida Marchio was a passenger in a car driven by her husband, Michele Marchio. A hit-and-run driver struck the Marchio car. Michele Marchio tried to stop his car, but pressed the accelerator rather than the brake. The car continued on for approximately one-half mile before it struck a tree. Ida Marchio died as a result of the accident. The Marchios were insured by Western National under an automobile policy that provided liability coverage, with limits of $100,000 per person and $300,000 per accident, and UM coverage, with limits of $100,000 per person and $300,000 per accident.

Appellant Michael Marchio, the son of Michele and Ira Marchio and the trustee for the next of kin of Ida Marchio, settled the potential wrongful death claim against his father, executed a *Pierringer* release, and received the full $100,000 policy limit for liability coverage. Because the hit-and-run driver was never identified, appellant brought this action for UM benefits

based on the fault of the hit-and-run driver.

In its motion for summary judgment, Western National argued that the policy duplicate payments exclusion precludes payment under the UM coverage of its policy if the insured receives payment for the same "element of loss" under the liability coverage. Part A of the policy, governing liability coverage, contains a section titled Limits of Liability that reads in part as follows:

> No one will be entitled to receive *duplicate payments* for the same *elements of loss* under this coverage and:
>
> 1. Part B [Medical Payments] or Part *C* [*UM* Coverage] of this policy; or
>
> 2. Any Underinsured Motorists Coverage provided by this policy.

(Emphasis added.)

Part C, governing UM coverage, contains the same provision prohibiting duplicate payments under UM coverage for any element of loss for which payment has been made under another coverage provision. The district court held that under the terms of the policy, the insured could not receive duplicate coverage for the same element of loss. The district court ruled "[a]s Plaintiff has already received the limits of coverage under Part A of the policy for the wrongful death of Ida Marchio, ... the policy bars him from receiving duplicate coverage for the same element of loss" under Part C for the negligence of an uninsured driver.

Western National also argued that it was entitled to summary judgment as a matter of law because there was no fact issue regarding causation, asserting that Ida Marchio's injuries were caused only by the negligence of her husband and not by the hit-and-run driver. The district court

did not directly rule on this second argument.

Appellant challenges the district court's decision on interpretation of the contract. Western National, without filing a notice of review pursuant to Minn. R. Civ.App. P. 106, asks this court to rule it is entitled to summary judgment as a matter of law because there are no genuine issues of material fact regarding causation.

## ISSUES

1. Did the district court err in determining that the duplicate payment exclusion precludes UM coverage if payments have been made under the policy's liability coverage for the same element of loss?

2. Does the duplicate payments exclusion, as applied, violate Minn.Stat. § 65B.49, subd. 3a (2006)?

3. Has Western National properly raised on appeal the issue of whether it is entitled to summary judgment as a matter of law?

## ANALYSIS

■ On appeal from summary judgment, this court must determine whether genuine issues of material fact remain for trial and whether the district court erred in applying the law. *Hickman v. SAFECO Ins. Co.*, 695 N.W.2d 365, 369 (Minn. 2005); Minn. R. Civ. P. 56.03. The application and interpretation of an insurance policy is subject to de novo review. *Jorgensen v. Knutson*, 662 N.W.2d 893, 897 (Minn.2003). If the facts are undisputed, an appellate court need only review how the district court applied the law in interpreting the policy language. *Interstate Fire & Cas. Co. v. Auto–Owners Ins. Co.*, 433 N.W.2d 82, 84–85 (Minn.1988). For purposes of contract interpretation, we view the facts in the light most favorable to the non-moving party. *Hickman*, 695 N.W.2d at 369.

*Duplicate Payments Exclusion*

Appellant claims that the terms "duplicate payments" and "elements of loss" are ambiguous and should be interpreted in favor of the insured. The interpretation of insurance contracts is governed by general principles of contract law. *Thommes v. Milwaukee Ins. Co.,* 641 N.W.2d 877, 879 (Minn.2002). If an insurance policy is unambiguous, "the language used must be given its usual and accepted meaning." *Stewart v. Illinois Farmers Ins. Co.,* 727 N.W.2d 679, 684 (Minn.App. 2007) (quotation omitted). Courts should "guard against invitations to find ambiguity where none exists." *Metro. Prop. & Cas. Ins. Co. v. Jablonske,* 722 N.W.2d 319, 324 (Minn.App.2006) (quotation omitted). An insurance policy must be construed as a whole, and unambiguous language must be given its plain and ordinary meaning. *Henning Nelson Constr. Co. v. Fireman's Fund Am. Life Ins. Co.,* 383 N.W.2d 645, 652 (Minn.1986). If the language of an insurance policy is reasonably susceptible to more than one interpretation, it is ambiguous. *Illinois Farmers Ins. Co. v. Glass Serv. Co.,* 683 N.W.2d 792, 799 (Minn.2004). If policy language is ambiguous, "the ambiguity must be resolved in the insured's favor." *Soo Line R. Co. v. Brown's Crew Car of Wyoming,* 694 N.W.2d 109, 113 (Minn.App.2005).

Here, the policy language referring to "duplicate payments" and "elements of loss" is not reasonably susceptible to multiple interpretations. While neither phrase is defined in the policy, the plain language of the exclusion states that any UM coverage is precluded for an element of loss covered under the liability section of the policy. We will not strain to find ambiguity when the meaning is clear.

Even though as a matter of contract interpretation we conclude that the duplicate payments provision limits the insurers exposure for double coverage, we must also determine whether the exclusion violates Minn.Stat. § 65B.49, subd. 3a (2006).

*Duplicate Payments Exclusion and Minn.Stat. § 65B.49, subd. 3a.*

Appellant argues that Western National's policy violates Minn.Stat. § 65B.49, subd. 3a(1), because the duplicate payments exclusion operates to eliminate UM coverage. We agree.

An insurer's liability is governed by the contract between the parties only to the extent that coverage required by law is not omitted and policy provisions do not contravene the No–Fault Automobile Insurance Act. *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 278 (Minn.2000). "[E]xclusions in a policy ... are as much a part of the contract as other parts thereof and must be given the same consideration in determining what is the coverage." *Stewart,* 727 N.W.2d at 684 (quotation omitted). Thus, we will enforce an exclusion if the policy language does not omit coverage required by law or violate an applicable statute. Application of a statute to the undisputed facts of a case involves a question of law and is subject to de novo review. *O'Malley v. Ulland Bros.,* 549 N.W.2d 889, 892 (Minn.1996).

The No–Fault Act requires every vehicle owner to carry, and every insurance policy to provide, certain first-party benefits, including UM coverage with liability limits of at least $25,000 per person and $50,000 per accident. Minn. Stat. § 65B.49, subd. 3a(1). Minn.Stat. § 65B.42 (2006) instructs that the purpose of no-fault insurance is to "relieve the severe economic distress of uncompensated victims of automobile accidents." The purpose behind UM coverage in particular is to pay, subject to its policy limits, benefits that an insured would otherwise have collected from an uninsured motorist. *McIn-*

*tosh v. State Farm Mut. Auto. Ins. Co.,* 488 N.W.2d 476, 479 (Minn.1992). Thus, any exclusion that eliminates statutorily required UM coverage is invalid. *See Stewart,* 727 N.W.2d at 683 (stating that policy terms "that conflict with the No–Fault Act will be held invalid").

This court recently considered on similar facts an insurer's denial of underinsured motorist (UIM) coverage pursuant to an exclusion that reduced UIM benefits by the amounts paid for liability coverage. *Mitsch v. American Nat'l Prop. & Cas. Co.,* 736 N.W.2d 355 (Minn.App.2007), *review denied* (Minn. Oct 24, 2007). In *Mitsch,* Theresa Mitsch was injured while a passenger on her husband's motorcycle when it collided with a truck. *Id.* at 356. Mitsch, who was an insured under her husband's policy, settled her claims with her insurer for the full value of liability coverage ($250,000), and also settled with the third-party truck driver for his policy limits of $30,000. *Id.* at 357. Because her damages exceeded these payments, she sought UIM coverage from her insurer based on the fault of the underinsured truck driver—not the fault of her husband. *Id.* The insurer, having paid out the full $250,000 limit of its liability policy based on the negligence of Mitsch's husband, attempted to invoke a reducing clause that reduced UIM coverage by the amount of liability coverage paid; in essence, this acted to eliminate UIM coverage. *Id.* This court concluded that a clause that seeks to reduce the amount payable for UIM benefits requested due to the liability of another at-fault underinsured driver was unenforceable because it violated Minn.Stat. § 65B.49, subd. 4a (2006). *Mitsch,* 736 N.W.2d at 363.

Although the insurance policy at issue in *Mitsch* did not involve the same policy language, this court's analysis applies equally here. The duplicate payments exclusion operates in the same manner as the reducing clause in *Mitsch,* by deducting any payment made by the insurer under its liability coverage from the UM benefits that the insurer is required to pay. This defeats the purpose of the statutorily mandated UM coverage and denies coverage to which an insured is entitled. *See id.,* 736 N.W.2d at 363 (stating that the purpose of UM or UIM coverage is "to protect the named insured ... from suffering an inadequately compensated injury caused by an accident with an inadequately insured [or uninsured] automobile").

Notably, this is not a conversion case. Western National mistakenly argues that appellant could not recover under both the liability coverage and the UM coverage, because such duplicate coverage is in violation of the anti-conversion rule set forth in *Jensen v. United Fire and Cas. Co.,* 524 N.W.2d 536, 539 (Minn.App.1994) (holding that insured cannot convert first-party underinsured coverage to third-party liability coverage under the same policy), *review denied* (Minn. Feb. 3, 1995). But *Jensen* is not applicable to the facts of this case. Here, appellant seeks coverage based on the liability of another at-fault uninsured driver, not the fault of the insured husband. Thus, like *Mitsch,* this case does not involve an attempt to convert first-party UIM coverage to third-party liability coverage. *Mitsch,* 736 N.W.2d at 363.

Western National seeks to use liability payments made because of the negligence of its insured to reduce or eliminate UM benefits based on the negligence of another. Such attempts by insurance carriers to contractually reduce or eliminate mandated UM coverage violate the no-fault statute and are invalid. *Mitsch,* 736 N.W.2d at 362–63. We conclude that the duplicate payments exclusion violates Minn.Stat. § 65B.49, subd. 3a(1), and is therefore unenforceable.

*Causation*

Western National also asks this court to conclusively decide the causation issue of the accident. It argues that based on witness and expert testimony, the hit-and-run driver was not a proximate cause of Ida Marchio's injuries and that her husband was solely at fault. Western National did not file a notice of review. Generally, this court will not consider challenges to issues decided adversely to a respondent when the respondent on appeal has not filed a notice of review. *In re Glaxo-SmithKline PLC*, 699 N.W.2d 749, 757 (Minn.2005) (acknowledging power to consider issue not raised in notice of review, but declining to do so when issue not fully developed and opposing party would be prejudiced); *Kolby v. Nw. Produce Co.*, 505 N.W.2d 648, 653 (Minn.App.1993). In this case, the district court either rejected or failed to rule on Western National's causation argument. *See Hoyt Inv. Co. v. Bloomington Commerce & Trade Ctr. As-*

*socs.*, 418 N.W.2d 173, 175 (Minn.1988) (stating that an undecided question is not usually amenable to appellate review). Thus, we decline to consider this issue on appeal.

## DECISION

Because Western National's duplicate payments clause contravenes Minn.Stat. § 65B.49, subd 3a(1) (2006), by seeking to reduce or eliminate coverage mandated by the No–Fault Act, the trial court erred in granting summary judgment in favor of Western National. We therefore reverse and remand for further proceedings.

**Reversed and remanded.**